**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jonathan Henry HILL, Defendant–Appellant.**

No. 02–2437.

United States Court of Appeals, Sixth Circuit.

April 20, 2004.

---

Brian P. Lennon, Raymond E. Beckering, III, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Kenneth P. Tableman, Asst. F.P., Defender, Federal Public Defenders Office, Grand Rapids, MI, for Defendant–Appellant.

Before SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

CLAY, Circuit Judge.

Defendant, Jonathan Henry Hill, appeals from his judgment of conviction and sentence by the district court, sentencing Defendant to 235 months imprisonment on one count of Armed Credit Union Robbery, in violation of 18 U.S.C. § 2113(a), (d), and (g); and seven years imprisonment on one count of Carrying and Use of a Firearm in Relation to a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), to be served consecutively. Defendant challenges the sentencing determination, claiming the trial court erroneously failed to depart Defendant's sentence downward. For the reasons stated below, this Court **AFFIRMS** the district court's order.

## I.

## BACKGROUND

On the morning of May 2, 2002, Defendant robbed the Grand Rapids Municipal Employees Credit Union with a nine millimeter semi-automatic loaded pistol. Defendant subsequently claimed that he was under the influence of alcohol at the time of the robbery. When a credit union teller refused to give him money, Defendant placed a gun to a customer's head, to which the teller responded by giving him approximately $2,900. Defendant's weapon was not discharged during the commission of the robbery. Defendant was later arrested and charged.

On May 9, 2002, a grand jury returned a two count indictment against Defendant for Armed Credit Union Robbery, in violation of 18 U.S.C. § 2113(a), (d), and (g); and the Carrying and Use of a Firearm in Relation to a Violent Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On July 5, 2002, Defendant pleaded guilty to both counts on the indictment. Prior to sentencing, Defendant filed a sentencing memorandum requesting a downward departure based on the overstatement of his

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

criminal history, pre-sentence confinement conditions and childhood abuse.

Defendant stated in his motion that the criminal history category assigned to him was overstated and should be reduced pursuant to U.S.S.G. § 4A1.3. Defendant's adult criminal record included the following: 1) at age 19 he was convicted of one felony; 2) at age 20 he was convicted of four misdemeanors and two felonies; 3) at age 21 he was convicted of four misdemeanors and one felony; 4) at age 22 he was convicted of two misdemeanors; 5) at age 23 he was convicted of one felony and one misdemeanor; and 6) at age 24 he was convicted of three misdemeanors. During the sentencing phase, the district court addressed Defendant's departure requests and determined that a departure was not warranted. The district court determined that Defendant had three prior violent felony convictions qualifying him as a career offender, and denied the motion.

Defendant also requested a departure based upon an injury he sustained while in custody at the Newaygo County Jail prior to his conviction. Defendant claimed the conditions of his pretrial confinement were so harsh that he should be granted a departure because his case fell outside the heartland of case under USSG § 5K2.0. The district court denied Defendant's second request for a downward departure because it determined that Defendant's case did not depart from the heartland of cases prohibiting downward departure due to pretrial confinement.

Defendant's final request for downward departure was based upon childhood abuse inasmuch as Defendant was raised in the Cabrini Green housing projects in Chicago, Illinois; viewed his mother's murder by his father; was shot a total of six times, two of which were perpetrated by Defendant's father; gained knowledge that Defendant's brother shot and killed his father; and Defendant's brother was shot and killed. The district court also denied this request because the court thought it inappropriate to "release to the public a person too early who has shown himself to be adept at the law of the jungle, to kill or be killed."

The district court convicted Defendant on both counts and imposed a sentence of 235 months imprisonment on count one, and seven years on count two to be served consecutively. Defendant filed a timely Notice of Appeal on November 19, 2002, appealing only his sentencing determination.

## II.

### STANDARD OF REVIEW

Although this Court reviews a district court's decision to grant a departure for an abuse of discretion, *United States v. McGahee*, 257 F.3d 520, 531 (6th Cir.2001), we have traditionally held that the decision by a district court not to depart downward from the Sentencing Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of, or did not understand, its discretion to make such a departure. *United States v. Ridge*, 329 F.3d 535, 544 (6th Cir.2003); *see also United States v. Stewart*, 306 F.3d 295, 329 (6th Cir.2002) (quoting *United States v. Bearden*, 274 F.3d 1031, 1038 (6th Cir.2001)). Whether a district court believed that it lacked the authority or discretion to depart downward may be reviewed *de novo. United States v. Butler*, 207 F.3d 839, 843 (6th Cir.2000) (citing *United States v. Landers*, 39 F.3d 643, 649 (6th Cir.1994)).

### *Analysis*

This Court does not have jurisdiction to review the district court's decision to not depart downward under the circumstances

of Defendant's case since the district court understood its authority and exercised its discretion appropriately.

Defendant argues he was entitled to a downward departure of his sentence because the criminal history category assigned to him, that of Category VI reserved for career offenders,[1] was overstated and should have been reduced pursuant to U.S.S.G. § 4A1.3. Defendant claims that the district court misunderstood its authority to depart downward in cases involving similar defendants, i.e., career offender.

The district court, however, properly explained its ruling, and its understanding of the Guidelines in the sentencing order. (J.A. at 77–78.) Defendant cited a portion of the sentencing order in his brief in an attempt to illustrate the district court's alleged misunderstanding of its power,(*id.*),[2] but excludes the relevant portion of the order that analyzes and accurately dismisses Defendant's three requests for departure.[3] The district court's assessment of Defendant's requests illustrates that the court was aware of its duty, and

discharged that duty when it contemplated those requests for a downward departure, even after the court's assessment of Defendant's Category VI classification. *Ridge*, 329 F.3d at 544. Such analysis of Defendant's requests further supports the district court's awareness of its authority to depart downward, had it found such a departure to be appropriate. *Id.*

Given the district court's clarity as to its authority to depart downward under the sentencing guidelines, there is no authority for this Court to review the district court's decision to decline to do so. *Butler*, 207 F.3d at 843 (holding that decisions by a district court not to depart downward from the Sentencing Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its authority to depart). Furthermore, an "appellate court should be reluctant to treat as ambiguous a ruling which does not affirmatively state that the judge knew he could depart downward but failed to do so. We should therefore assume that a district court is exercising its proper discretion when it concludes that a

1. The Sentencing Guidelines provide that a defendant is a career offender if "(1) he was at least eighteen when he committed the offense of conviction; (2) the offense of conviction is a felony that is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for crimes of violence or controlled substance offenses." *Butler*, 207 F.3d at 842 (citing U.S.S.G. § 4B1.1).

2. As stated by Judge Enslen:

The defendant's argument, as the record will disclose in between my trying to help bank employees understand, is that the criminal history category of Mr. Hill is overstated and should be reduced pursuant to a guideline 4A1.3. While this argument might be persuasive in other context, it is not persuasive when 4B1.1 applies. Where 4B1.1 applies, the court is mandated to apply a Criminal History

Category of VI regardless of the scoring. This was intended by the Sentencing Commission in order to provide the harshest of all penalties for those engaging in repeated violent offenses. In this case it is not disputed that defendant's prior offenses mandate that he is scored as a career offender. We now know the three violent crimes are felonies and one of the violent crimes as [sic] a misdemeanor; therefore, I find in relation to the motion made to me that the Criminal History Category is not overstated. The request for departure is denied on that basis.

(Sentencing Transcript) (J.A. at 77–78.)

3. The lower court dismissed Defendant's claims that the alleged overstatement of his criminal history, his alleged injury sustained during pre-trial confinement, and his alleged childhood abuse warranted a downward departure in his sentence.

downward departure is unwarranted." *Stewart*, 306 F.3d at 330 (quoting *McGahee*, 257 F.3d at 531–32).

Because Defendant's claim that the district court erred in refusing to downwardly depart his sentence is unreviewable, since the record is clear the district court recognized its power to depart downward but merely exercised its discretion not to do so, we **AFFIRM** the district court's order.